UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Def #1: Stephen Michael STEPHENSON,<br>&<br>Def #2: Mike ROJAS-Garcia Jr,<br>   Aka Jorge HUMBERTO-Thum<br><br>Defendant(s) | Magistrate Case No.<br><br>'08 MJ 0739<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal<br>Aliens |

The undersigned complainant, being duly sworn, states:

On or about **March 6, 2008** within the Southern District of California, defendant **Stephen Michael STEPHENSON and Mike ROJAS-Garcia Jr. aka: Jorge HUMBERTO-Thum,** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Gerardo DIAZ-Rios, Felix MELCHOR-Morales,** and **Domingo LOPEZ-Vasquez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 10th DAY OF **MARCH 2008.**

L. S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
**Def #1: Stephen Michael STEPHENSON &**
**Def #2: Mike ROJAS-Garcia Jr.**
**Aka Jorge HUMBERTO-Thum**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Domingo LOPEZ-Vasquez, Felix MELCHOR-Morales, and Gerardo DIAZ-Rios** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 6, 2008, Border Patrol Agent E. Rogel was performing line watch duties in the Boulevard, California area of operations. Boulevard is approximately twenty miles east of the Tecate Port of Entry and lies directly on the U.S/Mexico International Border. Agent Rogel was driving a marked Border Patrol vehicle with working emergency lights and siren, and was wearing a rough duty uniform.

At Approximately 6:45 p.m. Agent Rogel observed a white Chevrolet truck driving northbound on Shangri-La. Shangri-La is a half a mile north on the U.S/Mexico International Border in the city of Boulevard, California. Shangri-La is an abandoned ranch at the end of Jewell Valley Road that has a north/south tributary road that leads to the International border with Mexico. This area is a well-used smuggling route due to its proximity to the border, lack of population and geographic nature. Jewell Valley Road leads directly to Old Highway 80 and Interstate 8 which gives smugglers quick and direct access out of the immediate area.

Agent Rogel followed the Chevrolet truck north on Jewell Valley road. The vehicle was not stolen and was registered to a company in northern California. Rogel followed the truck to Interstate 8 and continued to follow until it stopped at the Golden Acorn Casino parking lot and parked. Agent Rogel approached the driver of the truck and identified himself as an US Border Patrol Agent. Agent Rogel questioned the driver as to his citizenship. The driver identified as the defendant #1 **Stephen Michael STEPHENSON** stated he is a United States Citizen. Agent Rogel questioned the driver regarding the registered owner of the truck. Defendant #1 stated that it was a work truck belonging to a friend in San Diego but he did not know his name. The defendant stated he lives in Los Angeles, California. Defendant #1 said he had a fight with his wife and he was in the area looking for her. Defendant #1 then stated that he was in the area to pickup illegal aliens. Defendant #1 stated that if Agent Rogel would allow him to pickup illegal aliens during the night, he would provide information regarding a narcotics shipment the following day. Defendant #1 also stated that he was only there to smuggle aliens, and that he would not go to jail for alien smuggling. Agent Rogel called Supervisory Border Patrol agent Haik to the scene. Defendant #1 reiterated to Supervisory Border Patrol Agent Haik, in a belligerent tone, the statement he had made to Agent Rogel. Again, defendant #1 stated if Agent Haik would allow him to smuggle aliens tonight that he would provide information regarding a narcotics shipment the following day. Agents Haik and Rogel declined defendant #1's offer and informed him that he was free to go.

At approximately 8:35 p.m. Agent A. Djokich was performing intelligence-gathering duties near Boulevard, California as a member of the Boulevard Station Abatement Team. Agent Djokich was dressed in plain-clothes and was driving an unmarked agency vehicle. Agent Djokich was conducting surveillance at the intersection of Jewell Valley Road and Old Highway 80. Agent Djokich observed a silver Kia Sephia

**CONTINUATION OF COMPLAINT:**
Def #1: Stephen Michael STEPHENSON &
Def #2: Mike ROJAS-Garcia Jr.
Aka Jorge HUMBERTO-Thum

followed by a white Chevrolet truck travel southbound on Jewell Valley Road. Agent Djokich immediately recognized the truck as the vehicle driven by defendant #1. Agent Djokich contacted Agent Haik and told Agent Haik that defendant #1 was in the white truck was southbound on Jewell Valley Road.

Approximately one and a half minutes later Agent Djokich observed the white truck come back northbound on Jewell Valley Road. Agent Djokich also observed the truck was now being followed by the silver Kia. Agent Djokich informed Agent Haik via agency radio of what had transpired. Agent Djokich followed the vehicles as they entered the westbound lanes on Interstate 8. The silver Kia's registration was expired and was registered out of Maywood, California. Maywood is approximately one hundred and seventy miles from the Boulevard area.

Agent Djokich requested via agency radio for a marked unit to perform and immigration stop on the white Chevrolet truck and silver Kia. Agents F. Ramirez and A. Mendoza responded. The vehicles continued westbound on Interstate 8 to the Buckman Springs interchange where they exited. Both vehicles yielded at the bottom of the off ramp. Agent Haik approached the driver of the truck and noticed that there were people lying down in the bed of the truck trying to conceal themselves. Agent Haik identified himself as a U.S. Border Patrol Agent and immediately recognized the driver as defendant #1 **Stephen Michael STEPHENSON** from the Golden Acorn Casino earlier in the evening. Defendant #1 told Agent Haik that is was no big deal it was just people and not drugs.

The passenger in the truck freely stated that he was a Mexican citizen without any documents that would allow him to stay or remain in the United States legally. He also stated that they had recently come across the International border illegally at a place approximately 20 miles east of the Tecate Port of Entry.

After securing defendant #1 Agent Haik identified himself as a U. S. Border Patrol Agent to the nine individuals hiding in the bed of the truck. Agent Haik questioned each individual as to their immigration status. They freely stated that they were Mexican citizens without any documents that would allow them to stay or remain in the United States legally. They also stated that they had recently come across the international border illegally at a place approximately 20 miles east of the Tecate Port of Entry

Agent Mendoza approached the driver of the silver Kia which had continued to follow the white pick-up truck from Boulevard to the Buckman Springs exit at a constant and matching speed. This is a common tactic used by smugglers to have someone in tandem with them to help locate Border Patrol Agents. Agent Mendoza identified himself as a U. S. Border Patrol Agent and questioned the driver as to his immigration status. The driver, defendant #2 **Mike ROJAS-Garcia Jr.** stated he is a United States citizen. Both drivers and all the passengers were arrested and transported to the Boulevard Station for processing.

**DEFENDANT Stephen Michael STEPHENSON:**

Defendant #1 **Stephen Michael STEPHENSON** was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. Defendant #1 stated he crossed into the United States from Mexico through the San Ysidro Port of Entry on Wednesday March 5, 2008 on foot at 6:00 AM. He stated that his purpose was to go gambling at the Golden Acorn Casino and the La Posta Casino. Defendant #1 stated that he arrived at the Golden Acorn Casino at approximately 6:00PM on Thursday, March 6, 2008 where he stayed a couple of hours. After leaving the Golden Acorn Casino,

CONTINUATION OF COMPLAINT:
Def #1: Stephen Michael STEPHENSON &
Def#2: Mike ROJAS-Garcia Jr.
Aka Jorge HUMBERTO-Thum

defendant #1 said he went to the La Posta Casino for a half hour and went home. Shortly after entering the interstate, defendant #1 said that he was waved down by some people that wanted a ride. Defendant #1 stated he felt sorry for the people so he agreed to give them a ride.

When asked about the previous conversation that defendant #1 had with Border Patrol Agents at the Golden Acorn Casino defendant #1 stated that he did not remember any conversations. Defendant #1 also stated that any conversations that he had with Agents at the Golden Acorn Casino did not matter. Defendant #1 said that the Border Patrol could have arrested five or six additional people, but instead of working with him we decided to arrest him instead.

**DEFENDANT #2 STATEMENT:**

Defendant #2 **Mike ROJAS-Garcia Jr.** was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation.

Rojas stated he crossed into the U.S. on Thursday, March 7, 2008, to talk to a "Mr. Cooper" about doing a floor waxing job for him. Rojas said he crossed between 5:00 p.m. and went to the Sycuan Casino for one hour before he headed to Ocotillo, California to meet Mr. Cooper about 7:15 PM. Even though Rojas had talked to Mr. Cooper at 1 o'clock this afternoon; Mr. Cooper never showed for the meeting.

Rojas stated he went to the Golden Acorn Casino about 8:00 PM for half an hour and then he went to the La Posta Casino. Rojas said he then went to Boulevard to get a pre-paid phone card at the store next to the laundry. Rojas stated that he saw some people hiding near the laundry and they asked Rojas about a white truck. Rojas said he told them that he could not help them. Rojas said he then called his friend "Juanato" because Juanato was a "pollero" and would take the people wherever they wished. Rojas stated that he has called Juanato in the past and was paid for setting up rides for people. Rojas said he thought Juanato would give him about $200.00.

Rojas stated that a white truck pulled up next to him and the driver told Rojas that he was here to pick up people. Rojas was told to follow the white truck. Rojas said the driver of the truck wanted him to look out for Border Patrol agents that were in the area. Rojas stated that he wanted to get "hooked up" with maybe $50.00 for being the look out. Rojas said he followed the truck down a road and when Rojas turned around the white truck had already picked up the people and was headed back toward the freeway. Rojas said the truck made it to the stop sign at Old Highway 80 first. **Mike ROJAS-Garcia Jr.** identified Stephen Michael STEPHENSON as the driver of the white truck.

**MATERIAL WITNESS #1 STATEMENT**

Material Witness #1 **Gerardo DIAZ-Rios** stated he was a citizen and national of Mexico. DIAZ stated that he had traveled to Oaxaca, Mexico to take care of a family matter and that he returned to Tijuana on February 26, 2008, by bus. DIAZ stated that he was dropped of by an unknown smuggler, near an area called "Jardines Del Rincon", near Tecate, Mexico. DIAZ stated that he was contacted several times by the smuggler, via cell phone. The smuggler was in Tijuana. DIAZ was asked if he had arrived at the designated load spot. DIAZ stated that he would call once he arrived. DIAZ stated that once he arrived at the load spot in the United States he was called via his cell phone that the scout driver, called "YUCCA" was on his way.

CONTINUATION OF COMPLAINT:
Def #1: Stephen Michael STEPHENSON &
Def #2: Mike ROJAS-Garcia Jr.
Aka Jorge HUMBERTO-Thum

DIAZ stated that an American named STEPHEN went to the designated load area and looked for the group prior to DIAZ arriving. DIAZ stated that STEPHEN was seen by a Border Patrol Agent (BPA) and the BPA told STEPHEN to leave the area. DIAZ stated that STEPHEN called the smuggler in Tijuana and advised him that he was told to leave the area and that he would wait at the "La Posta Casino"

DIAZ stated that YUCCA arrived at the load spot and called out for DIAZ. DIAZ stated he was close enough to YUCCA that he had a quick conversation with him face to face. YUCCA told DIAZ that he would go and look for STEPHEN and then bring him back to pick up the group. DIAZ understood and said he would wait. DIAZ waited approximately 15-20 minutes and then STEPHEN arrived in a white truck. DIAZ told all the illegal aliens to get in the bed of the truck. DIAZ stated that he was told by STEPHEN to get in the cab of the truck and duck down. DIAZ stated that that YUCCA was to drive ahead of them to scout for the west bound check point. DIAZ said that YUCCA had no way of communicating because he forgot his cell phone. DIAZ stated that YUCCA was using a pay phone to communicate with the smuggler in Tijuana.

DIAZ stated that STEPHEN drove for an unknown amount of time and STEPHEN told him that a Border Patrol vehicle was on the side of the road. STEPHEN told DIAZ that a second Border Patrol vehicle was on the side of the road. STEPHEN advised DIAZ that a Border Patrol vehicle was directly behind them. DIAZ stated that STEPHEN said that he was being pulled over. DIAZ told STEPHEN to pull over.

DIAZ stated that YUCCA and STEPHEN have been working together as scout driver and load driver for some time now. DIAZ stated that he met STEPHEN in July 2007. DIAZ stated that YUCCA has always worked as a scout driver. DIAZ stated he thinks that STEPEHEN is paid approximately $250.00 per alien to drive them to San Marcos, California.

MATERIAL WITNESS #2 STATEMENT

Material Witness #2 **Felix MELCHOR-Morales** stated he is a citizen of Oaxaca, Mexico born on November 20, 1973. MELCHOR stated that his purpose for coming to the United States was to travel to Los Angeles, California. MELCHOR stated that he did not make any arrangements in Tijuana to cross into the United States illegally but was going to pay someone money in the amount of $2000.00 to be smuggled into the United States illegally.

MELCHOR stated that a foot guide showed him where to go in order to cross the border successfully. MELCHOR stated that he got into the load vehicle freely on his own and sat himself in the back of the vehicle. MELCHOR was presented with a photographic picture line up of twelve individuals. MELCHOR identified Gerardo DIAZ-Rios as the foot guide that guided him into the United States from Mexico.

MATERIAL WITNESS #3 STATEMENT

Material Witness #3 **Domingo LOPEZ-Vasquez** stated he is a citizen and national of Mexico. LOPEZ' friend made the arrangements for him to cross the border illegally and was going to pay $2,000 US dollars for LOPEZ to be smuggled to Los Angeles.

**CONTINUATION OF COMPLAINT:**
Stephen Michael STEPHENSON &
Mike ROJAS-Garcia Jr.
Aka Jorge HUMBERTO-Thum

LOPEZ was shown a series of 12 photographs. LOPEZ identified Gerardo DIAZ-Rios as the man who guided them into the United States.

**Executed on March 8, 2008, at 10:00 AM.**

_Irene S. Aguirre_
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 5 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **March 6, 2008**, in violation of Title 8, United States Code, Section 1324.

_____          3/8/08 — 1:16 P
Leo S. Papasr                             Date/Time
United States Magistrate Judge

6